IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

FELICIA KEYS

VS.                                                   CIVIL ACTION NO. 2:03CV300-KS-JMR

AMERICAN HOME PRODUCTS
CORPORATION, ET AL

## OPINION AND ORDER

**This cause is before the Court on the following motions:**

Motion to Dismiss filed by Eli Lilly and Company [19];

Motion to Dismiss filed by Jefferson Davis County Health Department [15] [48];

Motion to Dismiss filed by Vaccine Defendants [22]; and

Motion to Remand filed by Plaintiff [36].

The parties to this action are as follows:

<u>Plaintiff, Felicia Keys</u>, who brings this action for damages she sustained as a result of her daughter being injured by mercury contained in Thimerosal, a preservative added to childhood vaccines.

**The Defendants are in three categories as follow:**

<u>Vaccine Defendants</u>:  American Home Products Corporation, d/b/a Wyeth Laboratories, Inc.; Wyeth-Ayerst, Wyeth-Ayerst Laboratories Company, Wyeth Lederle Vaccines, Wyether Lederle, Wyether Lederie Vaccines and Lederle Laboratories; Abbott Laboratories, Inc.; American International Chemical, Inc., Aventis Pasteur, Inc., individually and as successor in

1

interest to Connaught Laboratori, Inc., Pasteur Merieux and Pasteur Merrieux Conn; Baxter International, Inc., individually and as successor interest to North American Vaccine, Inc.;  Evans Medical Limited, Merck and Company, Inc.; RPK Pharmaceuticals, Inc.; and Dolder who are all collectively referred to as the "Vaccine Defendants."[1]

Thimerosal Defendant: Eli Lilly and Company.

Medical Defendant: Jefferson Davis County Health Department.

This Court is contemporaneously ruling on the cases of *Nina Del Rio v. American Home Products, et al*, Civil Action No. 2:03cv301-KS-JMR and *Hazel Townsend, et al v. American Home Products, et al*, Civil Action No. 2:03cv302-KS-JMR.  Those two cases have issues that are identical with most of the issues addressed here today.

**FACTUAL BACKGROUND**

Plaintiff is the mother of a child who suffers mental and emotional problems that allegedly resulted from the child being exposed to Thimerosal contained in childhood vaccines. Thimerosal is a preservative that contains mercury, a known harmful substance. Plaintiff seeks to recover medical expenses incurred by her and reasonably expected to be incurred by her as a result of her child's injuries, as well as damages to Plaintiff for lost wages, associated expenses and other economic losses that have proximately resulted from the child's injury and subsequent care.

The causes of action are for:

(Count One) strict liability;

---

[1] Bioport Corporation, B.F. Asher & Company, Bristol-Myers Squibb & Company, Inc., Family Health Care Center, Inc., Bayer Corporation, Inc. and the United States of America, have been dismissed by agreement.

(Count Two) negligence;

(Count Three) fraud and deceit;

(Count Four) negligent misrepresentation; and

(Count Five) breach of warranty.

The original complaint was filed in the Circuit Court of Jefferson Davis County, Mississippi, and was removed to this Court on May 19, 2003. On June 12, 2003, this case was stayed by order of the Magistrate Judge and assigned to the suspension track. On September 11, 2003, the case was stayed by the District Judge and a subsequent order was entered on July 9, 2004, granting Defendant's Motion to Stay. On December 30, 2004, the case was reassigned to the undersigned judge and additional briefing and oral arguments were presented. The current issues that need to be resolved are the Motion to Remand and the Motions to Dismiss filed by all Defendants.

**BASIS FOR REMOVAL**

The basis for removal was diversity of citizenship under 28 U.S.C. § 1332. All Defendants allege that the only non-diverse defendant, Jefferson Davis County Health Department, was improperly joined to defeat diversity of citizenship.

The initial step in any improper joinder analysis is to determine whether the "common defenses" apply to both the diverse and the non-diverse defendants. A common defense is described as a defense, which if successfully argued by a movant who asserts fraudulent joinder, is equally dispositive of both the non-diverse defendants and the diverse defendants. See *Smallwood v. Illinois Central Railroad Company*, 385 F. 3d 568, 575 (5th Cir. 2004)(en banc). The Plaintiff herein claimed that there was a common defense involved and remand should be

3

granted. When this is alleged, this Court must also consider if a common defense will result in the dismissal of all claims as to all defendants. The importance of this step of the analysis is described by the Fifth Circuit in *Rainwater v. Lamar Life Insurance Company*, 391 F. 3d 636 (5th Cir. 2004).  In the current case, the *Smallwood-Rainwater* common defense argument can be summarily dealt with. The settled law in this circuit is that the Vaccine Act does not exempt the manufacturers of Thimerosal and, therefore, Eli Lilly and Company's defense of the Vaccine Act is not well taken.  The result is that at least one defendant will remain and, hence, no defense that is applicable to all defendants. See *Moss v. Merck and Company*, 381 F. 3d 501 (5th Cir. 2004). The next part of the analysis is to determine whether or not the non-diverse defendant has been improperly joined.  The removing party has the burden of proving that this Court has jurisdiction to hear this case.  See *Jernigen v. Ashland Oil Company*, 389 F. 2d 812, 815 (5th Cir. 1993), cert denied 510 U.S. 868, 114, S. Ct. 192, 126 L. Ed. 2d 150 (1993). Diversity of citizenship jurisdiction is the basis for the removal herein. In order for there to be complete diversity the non-diverse party must be shown to have been improperly joined.  The removing party must establish: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the Plaintiff to establish a cause of action against the non-diverse party in state court." See *Travis v. Irby*, 326 F. 3d 644, 647 (5th Cir. 2003)(citing *Griggs v. State Farm Lloyds*, 181 F. 3d 694, 698 (5th Cir. 1998)).  The District Court should ordinarily resolve an improper joinder question by conducting a Rule 12(b)(6) type analysis. The District Court also has certain authority to "pierce the pleadings" and make a limited inquiry into the propriety of the joinder of the non-diverse parties. See *McKee v. Kansas City Ry Co.,* 358 F. 3d 329, 334 (5th Cir. 2004).  Even under this standard, plaintiffs "may not rest upon the mere allegations or denials of their pleadings." See *Beck v.*

*Texas State Board of Dental Examiners*, 204 F. 3d 629, 633 (5th Cir. 2000).

**VACCINE ACT DEFENSE**

The Plaintiff candidly admits that the Vaccine Act would apply to all Defendants other than the Thimerosal Defendant. If the Medical Defendant is successful in establishing that there is not a reasonable possibility of recovery against it under the terms of the Vaccine Act, then this portion of the remand inquiry has been concluded. Plaintiff has also alleged fraud, to which the Vaccine Act does not apply. The second portion of this inquiry will be to determine whether the fraud claims will give Plaintiff a reasonable possibility of recovery.

The Medical Defendant qualifies as an administrator under the Vaccine Act. See *Amendola v. Secretary of Department of Human Services*, 389 F. 2d 1180, 1186 (C.A. Fed. 1993). An individual may not bring a civil action, in either state or federal court, in excess of $1,000.00 in damages arising from a "vaccine related injury or death" involving the administration of a vaccine unless a petition is first filed in the United States Court of Federal Claims 42 U.S.C. § 300aa-11(a)(2)(A).[2] If such a barred civil action is indeed brought, the state

---

[2]No person may bring a civil action for damages in an amount greater than $1,000.00 or in an unspecified amount against a vaccine administrator or manufacturer in a state or federal court for damages arising out vaccine related injury or death associated with the administration of a vaccine after the effective date of this subpart, and no such court may award damages in any amount greater than $1,000.00 in a civil action for damages for such a vaccine related injury or death, unless a petition has been filed, in accordance with § 300(aa-16) of this title, for compensation under the program for such injury or death and -
    (i)(I) The United States Claims Court has issued a judgment
    under § 300(aa-12) of this title on such petition, and

    (II) such person elects under § 300(aa-21)(a) of this title to
    file such an action, or

    (ii) such person elects to withdraw such petition under §

or federal court is required to dismiss the action in its entirety. 42 U.S.C. § 300aa-11(a)(2)(B).[3] See *McDonal v. Abbott Laboratories, et al*, 408 F. 3d 177 (5th Cir. 2005). The limited available case law holds that this statute will be strictly construed.  See *Flowers v. Secretary of Department of Health and Human Services*, 49 F. 3d 1558 (Fed. Cir. 1995). "A claimant alleging that more than $1,000.00 in damages resulting from a vaccination after the Act's effective date in 1988, must exhaust the Act's procedure and refuse to accept the resulting judgment before filing a *de novo* civil action in state or federal court." *Shelala v. Whitecotton*, 514 U.S. 268, 115 S. Ct. 1477, 1478 (1995). The Vaccine Court claims were not completed until after the filing of this current civil action.  It is true that it has been concluded at this time and the Plaintiff argues that it would be an exercise in futility to require her to start over, since the path would end back here. However, *Shelela* is clear in that the actions must be completed in Vaccine Court before filing a tort claim. The result of this is the claim made in state court must be dismissed as to the Medical Defendant unless it is kept active by the fraud allegations.  Fraud claims are not covered by the Vaccine Act.

**PLAINTIFF'S CLAIM OF FRAUD**

In "piercing the pleadings" and doing a 12(b)(6) type analysis of the fraud claims, the first step is to go to the applicable case law to determine what must be alleged under the Rule and other authorities. The Plaintiff cites *Cook v. Children's Medical Group*, 756 So. 2d 734 (Miss. 1999) as authority for bringing a fraud action against the Defendants.  From the initial review of

---

300(aa-21)(b) of this title or such petition is considered withdrawn under such section.

[3](B) If a civil action which is barred under subparagraph (a) is filed in a state or federal court, the court <u>shall dismiss</u> the action....

the pleadings and a 12(b)(6) analysis, this Court could not say that the Plaintiff had a reasonable chance of success. To give the Plaintiff the benefit of the doubt, a request was made of the Plaintiff to supplement the pleadings with specifics and, by order dated October 12, 2005, this Court ordered Plaintiff to supplement the information in the pleadings to include the following:

(1) A particularization of the facts and circumstances constituting each act of fraud, including, but not limited to, persons or entities perpetrating said fraud and the approximate date thereof.

(2) The facts, circumstances and particularities of the conspiracy(s) alleged, including a particularization of the persons participating in same, the victim(s) of same and the approximate date.

The Plaintiff has not supplemented the original pleading. "Circumstances constituting the fraud shall be stated with particularity. Fraud will not be inferred or presumed and may not be charged in general terms. The circumstances of the alleged fraud, such as the time, place and contents of any false representation or conduct, must be stated." *Brabham v. Brabham*, 483 S. 2d 341, 342 (1986)(citing Miss. R.Civ. P. 9(b)).

The allegations in the complaint before the Court do not meet the basic standards for pleading fraud. They assuredly do not rise to the egregious factual situation in *Cook* that led to the Mississippi Supreme Court allowing the parents to pursue a claim of fraud against the vaccine's administrator.

For the above reasons, this Court finds that, even under the limited 12(b)(6) analysis, Plaintiff has not shown to this Court that she has a reasonable chance of success on the fraud claim. The only conclusion for this Court to reach is that the Medical Defendant has been

improperly joined and without it there is no non-diverse party.

For the reasons above stated, this Court finds that the Motion to Remand should be **denied.**

The Court, as a result of the ruling above made, will not address the defense of sovereign immunity or the Eleventh Amendment.

### MOTION TO DISMISS FILED BY VACCINE DEFENDANTS [22].

The Vaccine Act applies to the Vaccine Defendants.  Pursuant to 42 U.S.C. § 300aa-11 the Plaintiff cannot bring this action until the Vaccine Court has issued a judgment. When suit was filed herein same had not been issued. Therefore, the claims against the Vaccine Defendants were prematurely brought. Additionally, Plaintiff has not set forth a fraud claim for the same reason as shown in the analysis above.  Pursuant to the plain language of the statute and the Mississippi requirements for pleading fraud, this Court is obligated to **sustain** the Motion to Dismiss [22] made by the Vaccine Defendants.

### MOTION TO DISMISS FILED BY THIMEROSAL DEFENDANT

Eli Lilly and Company is the manufacturer of Thimerosal. The Vaccine Act does not exempt manufacturers of Thimerosal and the Motion to Dismiss by Eli Lilly and Company should be **denied.**  See *Moss v. Merck and Company*, 381 F. 3d 501 (5th Cir. 2004).

### MOTION TO DISMISS FILED BY MEDICAL PROVIDER DEFENDANT

This Court's analysis above in Issue One relates how the claim against the Medical Defendant is prematurely and improperly brought against the Vaccine Defendants.  The same logic applies to the Motion to Dismiss the Medical Defendant [15][48] and these Motions to Dismiss should be **sustained.**

**CONCLUSIONS**

The Motion to Remand filed by Plaintiff should be and the same is hereby **denied.**

The Motions to Dismiss filed by Medical Defendant and Vaccine Defendants are hereby **sustained** and said Defendants are dismissed without prejudice.

The Motion to Dismiss filed by Eli Lilly and Company is hereby **denied.**

**SO ORDERED AND ADJUDGED** on this the 24th day of February, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE